# Louisville & Nashville R. R. Co. *v.* Short.

### Injury to Servant.

(Decided November 16, 1916.   73 South. 17.)

1. **Master and Servant; Injury to Servant; Contributory Negligence.**— Where the action was under subdivisions 2 and 5, § 3910, Code 1907, and the negligence alleged was that of the superintendent or person in charge of the car upon the railway, and plaintiff's own negligence, concurring with that alleged, proximately contributed to the injuries complained of, plaintiff could not recover without showing wantonness or willful injury.

2. **Same.**—Where a railroad employee knew it was dangerous to ride on the car without holding on, when it was in motion, and was warned to hold on, but failed to do so, and he fell off when the car was stopped, or its speed slackened or reduced by braking, he was guilty of contributory negligence barring recovery.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Riley Short against the Louisville & Nashville Railroad Company, for damages for injuries suffered while in its

employment.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

Transferred from Court of Appeals.

GEORGE W. JONES, HENRY OPP, and POWELL & ALBRITTON, for appelllant.   JONES & POWELL, for appellant.

MAYFIELD, J.—There was no error in overruling the demurrer to any count of the complaint, nor in sustaining the demurrer to any one of the pleas of contributory negligence.   Moreover, pleas were subsequently allowed, which allowed every issue of fact that was intended to be raised or that could have been raised, and allowed all the proof which the pleas would have allowed, as to which demurrers were sustained.   Some of the pleas of contributory negligence were sustained by all the proof —that of the plaintiff as well as that of the defendant.   Plea 9 was as follows: "The plaintiff himself was guilty of negligence which contributed proximately to the injuries complained of, in this:   That at the time of the injuries complained of plaintiff was on defendant's lever car, and the same was in motion; that while he was on said car, and while it was in motion, it was the duty of the plaintiff to hold onto the lever or some other part of said car, in order that he might remain safely on said car while it was in motion, and while it was being brought to a stop; that plaintiff negligently failed to do this, and by reason thereof he sustained the injuries complained of."

The evidence of plaintiff himself, and that of the other witnesses, fully sustains this plea.

(1) We do not say that any actionable negligence was shown, for which the defendant would be liable in this case; but if such there was, the plaintiff's own negligence, as alleged in the plea, concurred with that alleged in the complaint and proximately contributed to the injuries complained of, and hence prevented a recovery in this action; no wantonness or willful injury being relied upon.

(2) The plaintiff himself knew it to be dangerous to ride on the car without holding on, when it was in motion.   He says that on the occasion in question he was warned to hold on, and that he failed to do so, and in consequence thereof fell, when the car was stopped or its speed reduced by the application of the brakes. His negligence in this respect was shown without dispute, and there

is no doubt that it proximately contributed to his injuries. It is true that plaintiff did testify that his brother told him to "turn loose," but he subsequently admitted that his brother told him to "quit pulling." Even if this evidence had been in, there was no count in the complaint which sought to recover, under subdivision 3 of the Employers' Liability Act, for injury, the consequence of obeying an order of a superior, or an order of a superior servant. The only counts of the complaint, which went to the jury and which there was any tendency of the evidence to support, were drawn under subdivisions 2 and 5 of that act. These counts were probably defective, but no ground of the demurrer pointed out the particular infirmity.

It follows that the several affirmative charges should have been given for defendant as requested.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.